UNITED STATES DISTRICT COURT
FILED
OCT 23 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TONY HIGGINS,

Plaintiff,

v.

24-CV-901(JLS) (HKS)

DANIEL F. MARTUSCELLO, III,
SUPERINTENDENT LEANNE
LATONA, and
JOHN DOES 1-10,

Defendants.

**DECISION AND ORDER**

On April 23, 2024, Plaintiff Tony Higgins commenced an action in Supreme Court, Erie County, asserting claims under 42 U.S.C. § 1983 based on an alleged assault while he was in Department of Corrections and Community Supervision custody. *See* Dkt. 1-1. Defendants removed the action to this Court on September 25, 2024. Dkt. 1. The case has been referred to United States Magistrate Judge H. Kenneth Schroeder, Jr. for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 3.

By Decision and Order entered October 27, 2025, this Court accepted and adopted the [8] Report and Recommendation of Judge Schroeder and dismissed Plaintiff's claims against Defendants Daniel F. Martuscello, III and Leanne Latona. Dkt. 9. As a result, the only defendants remaining in this action are John Does 1-10.

On March 5, 2026, Judge Schroeder issued a Text Order directing the parties to submit a proposed case management order. Dkt. 11. Defense counsel responded via letter stating that she no longer represented any parties in this action because the named defendants had been dismissed and none of the John Doe defendants had been identified or served. Dkt. 12. Plaintiff did not respond to this letter, nor did he respond to the request to submit a proposed case management order.

On July 20, 2026, Judge Schroeder issued an Order to Show Cause directing Plaintiff to show cause, in writing, no later than July 31, 2026, why this action should not be dismissed for failure to prosecute. Dkt. 13. No response was filed by Plaintiff.

On August 18, 2026, Judge Schroeder issued a Report and Recommendation ("R&R") recommending that "the action be dismissed pursuant to F.R.C.P. 41(b) for failure to prosecute." Dkt. 14 at 4.[1] Neither party filed objections, and the time to do so has expired.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72

---

[1] Page numbers refer to the CM/ECF generated numbering in the header of each page.

requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R and the relevant record. Based on that review, and in the absence of any objections, this Court accepts and adopts Judge Schroeder's recommendation.

Thus, for the reasons above and in the R&R, this action is dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk of Court shall close this case.

SO ORDERED

Dated: Buffalo, New York
October 23, 2026

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE